UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN M. LORD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-23-683-J |
| ) | |
| MERRICK GARLAND, Attorney General, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Brian M. Lord, appearing pro se, filed a Notice pursuant to Fed. R. Civ. P. 5.1(a)(1)(A) challenging the constitutionality of 18 U.S.C. § 922(g)(1). [Doc. No. 1]. Although Plaintiff Lord included five other Plaintiffs in his caption, only he signed the filing. *See id.* The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C). Judge Purcell examined the filing and recommended that it be dismissed for improper venue. *See* (Rep. & Rec.) [Doc. No. 5]. Plaintiff Lord objected (Pl.'s Obj.) [Doc. No. 6], triggering de novo review.

**I.   De Novo Analysis**

As noted, Plaintiff Lord alleges that 18 U.S.C. § 922(g)(1) is unconstitutional. However, Plaintiff is currently incarcerated at Texarkana-FCI in Texarkana, Texas and a docket search reflects that he was not convicted in this Court. Nor, of course, does Defendant reside in Oklahoma.

Venue is only proper in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1), (2). Based on this statute, Judge Purcell concluded that this Court is not the proper venue under either option. And, because Plaintiff Lord has filed an identical

suit in the Eastern District of Texas – a court where venue is presumably proper because Plaintiff is incarcerated within its boundaries – Judge Purcell recommended the Court dismiss rather than transfer the action. *See* Rep. & Rec. at 5.

Plaintiff Lord objects on two grounds. First, he claims that Rule 5.1 does not contain a "jurisdictional element" and thus it can be brought in any court in the United States. Pl.'s Obj. at 1-2. But Plaintiff confuses jurisdiction and venue, the latter of which is concerned only with the "geographic specification of the proper court." 28 U.S.C. § 1390(a). Second, Plaintiff Lord argues that venue is proper because Plaintiff Gieswein was convicted in this Court under § 922(g)(1). *See* Pl.'s Obj. at 1-2. However, Plaintiff Gieswein did not sign the Notice, *see* Fed. R. Civ. P. 11(a), and Plaintiff Lord, appearing pro se, cannot appear on Plaintiff Gieswein's behalf. *See Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009) (holding that the district court did not abuse its discretion in denying inmate's motion, filed on behalf of other prisoners, because "a pro se litigant may not represent other pro se litigants in federal court"). More importantly, Plaintiff Gieswein cannot attempt to undermine his § 922(g)(1) conviction[1] under Fed. R. Civ. P. 5.1. *See United States v. Gwathney*, No. CR 04-1553 WJ, 2009 WL 10648259, at *1 (D.N.M. Sept. 16, 2009) (finding that despite defendant titling his motion "as pursuant to the Federal Rules of Civil Procedure Rule 5.1," his collateral attack on his federal conviction had to be raised under 28 U.S.C. § 2255).

---

[1] The Court judicially notices that Shawn J. Gieswein – who is also incarcerated at Texarkana-FCI – was convicted after a jury trial on one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g)(1) and one count witness tampering pursuant to 18 U.S.C. § 1512(b)(1). Mr. Gieswein has already made numerous challenges to his conviction and recently filed a motion to dismiss in the Tenth Circuit arguing that § 922(g)(1) is unconstitutional. *See United States v. Gieswein*, Case No. CR-07-120-F (W.D. Okla.).

In sum, the Court agrees with Judge Purcell's analysis and finds that venue is improper in this Court. As Plaintiff Lord already has an identical matter pending in the Eastern District of Texas, the interests of justice do not require this Court to transfer this action and it is DISMISSED without prejudice.

**II.     Conclusion**

Having carefully reviewed the Notice, Report and Recommendation, and Plaintiff Lord's objections de novo, the Court agrees with Judge Purcell's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 5] and DISMISSES the Notice [Doc. No. 1] without prejudice.

IT IS SO ORDERED this 22nd day of August, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE